UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| KELLIE CAMPBELL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5: 23-309-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RED WHITE AND BLOOM | ) | |
| BRANDS, INC., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Angelina Pettus has filed a Motion for Voluntary Partial Dismissal [Record No. 48] of her sex discrimination (Counts III and XI) and breach of contract (Count VII) claims pursuant to Rule 41 of the Federal Rules of Civil Procedure. Defendant Red White and Bloom Brands, Inc. did not contest that motion but seeks an award for the attorney's fees and costs it incurred in defending against those claims. [Record No 51] The Court will grant the plaintiff's motion but deny the defendant's request for attorney's fees and costs because the conduct at issue does not rise to the level for awarding such fees and costs under 28 U.S.C. § 1927.

Pettus's Complaint was filed November 3, 2023. [Record No. 1] Her current counsel entered an appearance on April 16, 2024. [Record No. 22] That same day, former counsel tendered a Motion to Withdraw, which was granted. [Record Nos. 23–24] Pettus' counsel first had an opportunity to view her employment contract on September 4, 2024, when the defendant responded to plaintiffs' interrogatories and requests for production of documents. [*See* Record No. 55 at 2.] The documents produced related to all four plaintiffs in this matter and included hundreds of pages. *Id.* It was not until the eve of Pettus's deposition (October

- 1 -

29, 2024) and after reviewing her employment contract that counsel realized some of her claims should not have been asserted. *Id.* at 4. The next day, plaintiff's counsel notified defendant's counsel of the error and of his intent to seek voluntary dismissal of those claims. *Id.* Two weeks later, plaintiff's counsel filed a motion to dismiss all of Pettus' claims except for her claim of retaliation. [*See* Record Nos. 51 and 55 at 2.]

The defendant's response to that motion did not contest the dismissal motion but sought sanctions under 28 U.S.C. § 1927. It alleged that the plaintiff's counsel's actions were "reckless, vexatious, and well short of the obligations owed to this Court by a member of the bar." [Record No. 51 at 4] The defendant argues that sanctions for attorney's fees and costs expended in defending against these claims are appropriate. *Id.* at 1. In support, it references Pettus' deposition where she testified that she did not recall ever seeing the Complaint and that her sex discrimination and breach of contract claims should have never been filed. *Id.* at 4–6.

The relevant statute, 28 U.S.C. § 1927, provides that "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The United States Court of Appeals for the Sixth Circuit has defined "vexatiously multiplying proceedings" to include conduct where "an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of non-frivolous claims." *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986).

Sanctions under section 1927 also may be appropriate when an attorney has engaged in conduct that, "from an objective standpoint, falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party."

*Holmes v. City of Massillon*, 78 F.2d 1041, 1049 (6th Cir. 1996). To award sanctions, "the court must find something more than that a party knowingly pursued a meritless claim or action at any stage of the proceedings." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (citation omitted). Such sanctions require "a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 396 (6th Cir. 2009).

Here, Pettus's counsel notified defendant's counsel promptly after discovering the non-viability of the sex discrimination and breach of contract claims. Soon thereafter, the plaintiffs filed a Motion of Partial Voluntary Dismissal of those claims. Perhaps counsel should have reviewed the employment contract from the produced documents sooner than the eve of Pettus' deposition. And perhaps counsel should have had more robust conversations with all four plaintiffs to verify the work of their former counsel. However, as noted, sanctions under 28 U.S.C. § 1927 require "something more than negligence or incompetence." *Rentz*, 556 F.3d at 396. However, the defendant has not offered sufficient evidence to demonstrate that Pettus' counsel vexatiously multiplied proceedings. At most, defendant alleges negligence, incompetence, and that counsel for plaintiff "knowingly pursued a meritless claim"—none of which rise to the level required by section 1927. *Id.*; *Metz*, 655 F.3d at 489.

Being sufficiently advised, it is hereby

**ORDERED** as follows:

1.      The plaintiff's Motion for Voluntary Dismissal [Record No. 48] is **GRANTED**.

2.      The Plaintiff Angelina Pettus's claims for sex discrimination (Counts III and XI) and breach of contract (Count VII) of the Complaint are dismissed, with prejudice. This Memorandum Order addresses Plaintiff Angelina Pettus's claims.

3.     The defendant's request for attorney's fees and costs [Record No. 51] is **DENIED**.

Dated: February 4, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky